IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY JARVIS, )<br>    Petitioner, )<br>vs. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>    Respondent. | No. 3:06-CV-2396-M (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural History:** On March 31, 1986, after pleading not guilty, petitioner was convicted and sentenced to twenty-five years for aggravated robbery. (State Habeas Transcript [WR-32,038-01] at 50). Petitioner was released on parole in 1994, but his parole was revoked on December 20, 1995. (*Id.* at 32; S.H.Tr.[WR-32,038-04]:12). Petitioner was again paroled in 2002 and revoked on November 4, 2004. (S.H.Tr.[WR-32,038-05]:18).

On or about July 13, 2005, Petitioner requested credit for time spent in custody prior to a pre-revocation warrant. In response, he received a letter from the State Counsel of Offenders dated

1

July 26, 2005, that states that the TDCJ had corrected his records to reflect credit for periods of time petitioner was incarcerated from 06/30/0--10/10/002, 02/22/03--02/24/03, 04/08/03--07/10/03, 04/04/04--07/08/04. This letter also states that petitioner's out-of-custody time had been changed from 1244 days to 1055 days, a difference of 189 days. (S.H.Tr.[WR-32,038-05]:12). As a result, petitioner was given a projected release date of August 17, 2007, and a sentence expiration date of December 10, 2013.

Subsequently, the TDCJ records office was notified by the Board of Pardons and Paroles that petitioner had been in custody on a different set of dates, and TDCJ took away the time credits it had previously given petitioner. On June 20, 2006, petitioner was informed that his projected release date was January 7, 2008, and his sentence expiration date was June 26, 2014. After petitioner filed another time credit dispute, the State Counsel for Offenders again contacted the Board of Pardons and Paroles and the TDCJ with the corrected dates of confinement. (*Id.* at 32).

On October 5, 2006, petitioner filed a state application for writ of habeas corpus alleging that the TDCJ was not properly crediting him with time he spent incarcerated prior to his second parole revocation on pre-revocation warrants. (*Id.* at 2-7). On October 23, 2006, petitioner was again informed that his projected release date was August 18, 2007, and his sentence expiration date was December 11, 2013. (Petitioner's Ex. ##4, 6, 10). On October 25, 2006, the state trial court issued findings recommending that relief be denied because the error in time credit calculation had been corrected. (S.H.Tr.[WR-32,038-05]: 37-38). On November 29, 2006, the Court of Criminal Appeals denied relief without written order based on these findings of the trial court. (*Id.* at cover).

Petitioner filed his federal petition on December 28, 2006, alleging that he still is not being properly credited for the time he spent incarcerated prior to his parole being revoked in 2004. In

2

particular, he contends that the dates in the July 26, 2005 letter add up to 289 days, but that he was only given credit for 189 days.[1] Respondent filed a response on July 6, 2007, and furnished the state court records. Petitioner filed a reply brief on July 27, 2007.

**C. Respondent's Arguments**

Respondent alleges that petitioner's claim is not cognizable in a federal writ of habeas corpus proceeding because an inmate has no federal constitutional right to flat time credit for time he spends incarcerated on pre-revocation warrants. In support of this assertion, Respondent relies on an observation by the Texas Court of Criminal Appeals in *Ex parte Canada*, 754 S.W.2d 660, 666 (Tex. Crim. App. 1988), that "[i]t appears that there is no federal constitutional right to time credit for any period of confinement pending a parole revocation hearing." Although some federal courts have noted this statement in *Canada*, none appears to have found that a claim for time credit for pre-revocation incarceration is not cognizable in a federal writ on that basis. The Court therefore addresses the claim on its merits.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

---

[1] Although petitioner contends that the dates in the letter total 289 days, independent calculation reflects a total of 296 days. This discrepancy has no effect on the outcome of his claim.

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies

4

Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. TIME CREDIT ISSUE

Petitioner's sole contention is that his release date and his sentence expiration date were reduced by only 189 days rather than the 289 days that he was incarcerated due to pre-revocation warrants, as set forth in the July 26, 2005 letter from the State Counsel for Offenders office.

The July 26, 2005 letter states that the TDCJ records had been corrected to reflect credit for those specific periods of incarceration. Petitioner has presented no evidence (either to the state habeas court or this Court) that he had not been credited for *any* of these periods of incarceration prior to the filing of his time credit disputes. The record reflects that as a result of petitioner's time credit disputes, his release date was changed from January of 2008 to August of 2007 and his sentence expiration date was changed from June of 2014 to December of 2013. (Pet. Ex. ##2, 10). The change in sentence is consistent with the time deducted from his out-of-custody time, as

5

reflected in the July 26, 2005 letter as a result of his time credit disputes. Petitioner has not shown that he was not properly credited for all of the days he spent incarcerated on pre-revocation warrants or that the TDCJ failed to correct its records properly, as outlined in the July 26, 2005 letter.

Under the AEDPA, federal courts give deference to the state court's findings unless they were based on an unreasonable determination of the facts in light of the evidence presented. *Chambers v. Johnson*, 218 F.3d at 363. The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Petitioner has failed to present clear and convincing evidence that after his time credit dispute was resolved in his favor, the TDCJ continued to incorrectly calculate his flat time credits. Accordingly, the resolution of this factual issue by the state habeas court is presumptively correct, and petitioner has not shown that the state habeas court's decision was based on an unreasonable determination of the facts. Petitioner is entitled to no relief on this claim.

## IV. RECOMMENDATION

The Court should **DENY** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 with prejudice.

**SIGNED** on this 8th day of January, 2009.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE